UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JEANETTE JOSS,

       Plaintiff,

vs.

                              CASE NO.

PMLAS, INC., f/k/a POTOMAC FLOOR
COVERING, INC., d/b/a MIKE'S
FLOORING COMPANIES,

       Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEANETTE JOSS ("Plaintiff" or "Joss"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, PMLAS, INC. f/k/a POTOMAC FLOOR COVERING, INC., d/b/a MIKE'S FLOORING COMPANIES ("Defendant" or the "Company"), and states as follows:

## PRELIMINARY STATEMENT

1. This is a claim by Plaintiff JEANETTE JOSS against her former employer, for the violation of the Americans with Disabilities Act, as amended ("ADA-AA"), 42 U.S.C. § 12101, *et seq.,* and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

2. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended is a remedial statute aimed at addressing and providing remedy in response to combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA-AA is meant to protect qualified employees, like Joss, from discrimination,

1

harassment and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related to the disability. 42 U.S.C. § 12112.

3. Plaintiff suffers from a disability, and was able to perform her job with or without a reasonable accommodation. After Plaintiff informed Defendant of her need for medical leave, and after Defendant initially approved her medical leave, Defendant discriminated and retaliated against Plaintiff on the basis of her disability. Specifically, Defendant refused to engage in the interactive process with Plaintiff to allow her to return to work in her position or in another available position which she had identified. Defendant further hired a non-disabled individual to fill the alternative position Plaintiff sought. In addition, Defendant also attempted to change Plaintiff's job duties and pay plan after Plaintiff requested leave, in order to deny Plaintiff commissions she had already earned.

4. Accordingly, Plaintiff seeks all available relief in law, including but not limited to: (i) a declaration from this Court that Defendant's' actions were unlawful; (ii) back pay and front pay; (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) front pay; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) pre-judgment and post-judgment interest (where allowable); and (x) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 1337, Title I of the ADA, as amended, Title 1 of the Civil Rights Act of 1991, and has authority to grant declaratory relief under the ADA-AA

6. Court has supplemental jurisdiction over Plaintiff's pendant state court claims

as they arise out of the same facts as circumstances as the federal claims.

7. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

## PARTIES

8. At all times material to this action, Plaintiff is currently a resident of Broward County, Florida.

9. At all times material to this action, Defendant was, and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

10. At all times material hereto, Plaintiff has a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions. Specifically, Plaintiff suffered from permanent complications from surgery which cause her to be substantially limited in major life activities, including, but not limited to, walking and/or standing for prolonged periods of time.

11. At all times material hereto, Plaintiff is a "qualified individual" under the ADA-AA in that she is/was a person who meets legitimate skill, experience, education, or other requirements of an employment position that she held or sought, and who can/could perform the "essential functions" of the position with or without reasonable accommodation.

12. Plaintiff is covered by the ADA-AA/FCRA because she is an individual who:
   a. Has a physical impairment that substantially limits one or more major life activities or bodily functions; and/or
   b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions.

3

13. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. 12111(5).

14. At all times relevant, Defendant was an "employer" as defined by Fla. Stat. 760, *et. seq*.

**CONDITIONS PRECEDENT**

15. On December 18, 2018, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

16. Plaintiff has exhausted the administrative remedies available to her.

17. On or about November 27, 2019, the EEOC issued plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit A**.

18. Plaintiff files her complaint within the applicable statute of limitations.

19. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination.

20. All conditions precedent to this action have been satisfied and/or waived.

**GENERAL ALLEGATIONS**

21. On February 24, 2015, Plaintiff was hired by Mike's Carpets of Florida, L.L.C. a/b/a Mike's Flooring Companies, as a sales representative.

22. In 2016, the name of the company doing business as Mike's Flooring Companies changed to Potomac Floor Covering, Inc.

23. At that time, Plaintiff began working for Potomac Floor Covering, Inc., d/b/a Mike's Flooring Companies.

24. Potomac Floor Covering, Inc. changed its name in 2019 to PMLAS, Inc.

25. Plaintiff continued to work for Mike's Flooring Companies continuously from 2015 until her termination on June 24, 2018.

26. Plaintiff performed well in her work for Defendant.

27. Plaintiff was not disciplined during her employment for Defendant prior to the time she went on medical leave in 2018.

28. While Plaintiff was on medical leave, Plaintiff requested leave under the FMLA.

29. Defendant was aware of Plaintiff's serious health condition, and her request for FMLA leave.

30. However, Plaintiff was not granted FMLA leave, and has been informed by Defendant's payroll company that the reason is that Defendant did not employ 50 employees within a 75 mile radius and so was not a covered employer under the FMLA.

31. While on medical leave, Plaintiff identified accommodations that would enable her to perform her sales job. However, Defendant refused to discuss any reasonable accommodation with her.

32. While on medical leave, Plaintiff identified alternate positions within the company that she could perform with or without a reasonable accommodation. However, Defendant would not discuss this possible accommodation either.

33. Upon information and belief, Defendant hired one or more non-disabled persons to fill the position(s) Plaintiff sought as an alternative to her sales position.

34. While Plaintiff was on leave, Defendant sought to make changes to her compensation structure and job duties in an effort to interfere with Plaintiff's receipt of her already earned commissions.

35. Upon information and belief, these changes were a direct response to, and in retaliation for, Plaintiff having taken leave for her disability.

36. Upon information and belief, non-disabled persons have been paid their commissions even after leaving the Company.

37. In addition, in April 2018, approximately one month after Plaintiff went on leave, and without engaging in any interactive process with Plaintiff, Defendant hired another individual who, upon information and belief was not disabled, to take over Plaintiff's role.

38. When Plaintiff questioned why this person had been hired, she was told that the individual was hired to replace another person who had left the Company. However, Plaintiff is not aware of any other sales associate who left at or around that time.

39. In June 2018, Defendant terminated Plaintiff's employment.

40. Defendant allegedly based this termination on its position that Plaintiff had failed to be in contact with the Company.

41. However, Plaintiff had made multiple attempts in June to contact the Company, including its CEO, to discuss a reasonable accommodation, without receiving a response.

42. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, *et. seq.*, because it (i) discriminated against Plaintiff because of her disability; (ii) refused to engage in good faith in the interactive process; (iii) retaliated against Plaintiff due to her request for an accommodation; and (iv) refused to consider

Plaintiff for placement in a position she sought which was open, and instead hired one or more non-disabled employees to fill the role(s).

43. At all times relevant to this action, Defendant failed to comply with 42 U.S.C. § 12101 *et. seq.*, because Plaintiff disclosed her disability, and as a result, Defendant discriminated and retaliated against Plaintiff because of her disability.

44. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to follow Defendant's employee policies or procedures.

45. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for violating any company policy.

46. Defendant's reason for terminating Plaintiff was pretextual.

47. Defendant's reason for terminating Plaintiff was manufactured, *post hoc*, after Plaintiff engaged in activities protected the ADA-AA/FCRA.

48. Plaintiff was, at all times relevant, a qualified employee as defined by the ADA-AA/FCRA.

49. Defendant fired Plaintiff in whole or in part because of her disability.

50. Plaintiff's disability was a substantial or motivating factor in Defendant's decision to terminate her.

51. Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability.

52. Defendant's decision not to place Plaintiff in an available position for which Plaintiff expressed interest was based on Plaintiff's disability.

53. Upon information and belief, the person Defendant hired to fill the vacant position does not have a disability.

54. Defendant's actions constitute discrimination in violation of the FCRA.

55. Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADA-AA and the FCRA.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA-AA

56. Plaintiff re-alleges paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57. Plaintiff is a qualified individual under the ADA-AA.

58. Defendant was an "employer" within the meaning of the ADA-AA.

59. Plaintiff was a qualified employee.

60. Plaintiff engaged in protected activity under the ADA-AA.

61. With actual knowledge of Plaintiff's disability, Defendant terminated Plaintiff, in whole or in part, because of her disability.

62. With respect to Plaintiff's employment, Defendant wrongfully terminated Plaintiff; discriminated against Plaintiff; failed to accommodate Plaintiff; failed to engage in the interactive process with Plaintiff; refused to assign Plaintiff to an open vacant position which she requested; and attempted to change Plaintiff's job duties and pay structure to reduce her compensation on the basis of her disability, in violation of the ADA-AA and 42 U.S.C. § 12112.

63. Plaintiff has been damaged by Defendant's violation of the ADA-AA and suffered damages, which include past and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, and caused irreparable harm for which there is no adequate remedy at law.

64. The conduct of Defendant and its agents and employees proximately, directly,

and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to any and all relief permitted under the ADA-AA, 42 U.S.C. § 12117(a), including equitable relief.

67. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, JEANETTE JOSS, respectfully requests entry of:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADA-AA;

    b. judgment in her favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    d. judgment in her favor and against Defendant for punitive damages;

    e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

    f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

# COUNT II
# RETALIATION AGAINST
# PLAINTIFF FOR EXERCISING RIGHTS ADA-AA

68. Plaintiff re-alleges paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

69. Title I of the ADA-AA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees with disabilities, such as Plaintiff, including but not limited to transfer to a vacant position or leave as an accommodation.

70. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA-AA.

71. Plaintiff also opposed Defendant's acts and practices made unlawful by the ADA-AA including, but not limited to, failing to accommodate Plaintiff's disability, attempting to change Plaintiff's compensation plan and job duties due to her disability an effort to reduce her compensation; refusing to discuss transfer; and reusing to engage in the ADA-AA interactive process.

72. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

73. During the time Plaintiff was employed by Defendant, she exercised and/or enjoyed rights granted and/or protected by the ADA-AA, including, but not limited to, requesting and making use of reasonable accommodations for her disability.

74. Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA-AA.

75. Defendant failed to engage in the interactive process by refusing to assign or transfer Plaintiff to a vacant position, or even to discuss same with her. Defendant failed to

engage in the interactive process by terminating Plaintiff on June 24, 2018, after refusing to discuss a reasonable accommodation.

76. With actual knowledge of Plaintiff's need for future leave, disability and chronic serious health condition, Defendant terminated Plaintiff's employment.

77. Under the ADA-AA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her request for accommodation of medical leave for her disability.

78. Notwithstanding this obligation under the ADA-AA and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her disability and requested a reasonable accommodation of medical leave of absence.

79. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA-AA, Plaintiff has suffered damages in an amount to be determined at trial.

80. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, JEANETTE JOSS, respectfully requests entry of:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the ADA-AA;

    b. judgment in her favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, emotional distress, pain, anguish, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.  judgment in her favor and against Defendant for punitive damages;

e.  declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT III**
**UNLAWFUL DISCRIMINATION/RETALIATION IN**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)**

81. Plaintiff re-alleges paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

82. Plaintiff's condition substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

83. Plaintiff was qualified to perform the essential functions of her job or another job within the Company which she sought, with or without reasonable accommodation.

84. Plaintiff requested one or more reasonable accommodations.

85. Defendant was aware of Plaintiff's disability.

86. Defendant discriminated against and terminated Plaintiff on the basis of her disability in violation of the FCRA.

87. Further, Defendant retaliated against Plaintiff for having requested a reasonable accommodation.

88. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

89. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

90. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

91. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

92. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

93. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, JEANETTE JOSS, respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b. judgment in her favor and against Defendant for actual and compensatory damages, including lost earnings, medical expenses, emotional distress, pain, anguish, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for punitive damages;

e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 21st day of February 2020.

                                            Respectfully submitted,

s/ _____
Angeli Murthy, Esquire
FL Bar No.: 088758
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepoeople.com
*Trail Counsel for Plaintiff*

## VERIFICATION

I, **JEANETTE JOSS**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 2/27/20

_____
JEANETTE JOSS

15

# EXHIBIT "A"

| EEOC Form 161 (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeanette Joss<br>4060 Staghorn Lane<br>Weston, FL 33331 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

|   | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 510-2019-01448 | Latasha Nelson,<br>Investigator | | (305) 808-1751 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michael J. Farrell,
District Director

NOV 27 2019

*(Date Mailed)*

Enclosures(s)

cc:
**Respondent's Legal Representative**

Scott S. Allen, Esquire
Jackson Lewis P.C.
2 S. Biscayne Blvd.
Suite 3500
Miami, FL 33131

**Charging Party's Legal Representative**

Angeli Murthy, Esquire
MORGAN AND MORGAN
600 N Pine island Road
Davie, FL 33324

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*